J-S24004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CODY GADD | |
| Appellant | No. 49 WDA 2016 |

Appeal from the Judgment of Sentence June 22, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001678-2014

BEFORE:  PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 25, 2017**

Appellant, Cody Gadd, appeals from the judgment of sentence entered in the Washington County Court of Common Pleas, following his guilty plea to ten counts of possessing child pornography. After careful review, we affirm.

The relevant facts and procedural history of this case are as follows. Dropbox, the online media storage application, contacted the National Center for Missing and Exploited Children ("NCMEC") with a tip about a user suspected of downloading child pornography. Dropbox provided the user's IP address, name, associated email address, and the suspicious files. NCMEC forwarded the information to the Pennsylvania Attorney General's office,

_____

[*] Former Justice specially assigned to the Superior Court.

which reviewed the files and ultimately determined Appellant was the owner of the Dropbox account.

Despite recovering over 1,000 videos and images of probable child pornography from the Dropbox account, the Commonwealth charged Appellant with just ten counts of possession of child pornography, and one count of criminal use of a communications facility.[1] Appellant entered a guilty plea on March 3, 2015, to ten counts of possession. The court accepted Appellant's plea, and ordered a presentence investigation ("PSI") report. The court sentenced Appellant to an aggregate five to ten years' incarceration, plus ten years of probation. Appellant filed a timely post-sentence motion, and the court held a hearing. The motion was eventually denied by operation of law, and Appellant thereafter filed a timely notice of appeal. Appellant complied with the dictates of Pa.R.A.P. 1925(b).

On appeal, Appellant argues the trial court imposed an excessive term of incarceration, and considered impermissible and irrelevant factors when fashioning Appellant's sentence. Appellant concedes that his argument challenges the discretionary aspects of the trial court's sentence. **See** Appellant's Brief, at 9.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a

---

[1] 18 Pa.C.S.A. §§ 6312(d), 7512(a).

claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005).

"Two requirements must be met before we will review this challenge on its merits." ***McAfee***, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365 (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted).

In the present case, Appellant's brief contains the requisite Rule 2119(f) concise statement. Additionally, Appellant successfully preserved his argument against the discretionary aspects of his sentence through a post-

sentence motion. Thus, he is in technical compliance with the requirements to challenge the discretionary aspects of a sentence.

Appellant's Rule 2119(f) statement contains two arguments. The first claim, that the trial court acted unreasonably by imposing multiple consecutive sentences, fails to present a substantial question for our review.

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013). ***See also*** 42 Pa.C.S.A. § 9721(a); ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171-72 (citation omitted).

An "extreme circumstance" is simply not present here. Far from it, Appellant actually concedes in his brief that the court had discretion to

fashion a sentence more than twice as long as the one it imposed. Thus, Appellant's first argument fails to raise a substantial question.

However, Appellant presents a second argument for our consideration in his Rule 2119(f) statement. He contends that the trial court relied on factors already accounted for in the offense gravity score when fashioning Appellant's sentence. We find this argument presents a substantial question for our review. *See Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa. Super. 2000) (finding allegation of potential deviations from Sentencing Code, such as double-counting factors already considered, presents substantial question). Therefore, we turn to the merits of this argument.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

Preliminarily, we note that the trial court had the benefit of a PSI report. *See* N.T. Sentencing, 6/22/15, at 26. Where the sentencing court had the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of

engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted).

Appellant argues that the trial court specifically recognized the young age of the children represented in the videos and photographs as a factor in shaping Appellant's sentence. Appellant avers the offense gravity score of seven accounted for the fact that the offense involved children under the age of thirteen.

In imposing sentence, the trial court noted:

The nature of the pornography, as described, I find aggravating. These are not just children under the age of 13, with no clothes on. These are toddlers engaging in sexual acts with adults. And you tend to minimize that, too. In your interview with [investigators,] you said, well, they chose the worst ones, but these were all part of what was recovered from your Dropbox.

N.T. Sentencing, 6/22/15, at 27.

Appellant asserts the above excerpt shows the court focused on impermissible factors already accounted for by the offense gravity score. However, much of the court's focus at the lengthy sentencing hearing was

on Appellant's own accountability for his actions, rather than the nature of the crime itself—including in the above excerpt. The sentencing court also heard extensive witness testimony, including from Appellant's pastor, his former employer, his addiction counselor, and Appellant himself. Additionally, the court noted at several points during sentencing that it considered the PSI report.

The transcripts reveal the court did not sentence Appellant based on impermissible factors, but instead considered Appellant's attempts to minimize the seriousness of his crimes. The court also accounted for Appellant's admission that he continued to watch adult pornography. As Appellant had previously acknowledged to the court that legal adult pornography was the catalyst for his later interest in child pornography, the court considered this information when looking at Appellant's attempts to treat his problem.

Given these circumstances, we cannot say the trial court abused its discretion when sentencing Appellant. **See Shugars**, 895 A.2d at 1275. Therefore, Appellant's argument merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2017